1

2

3

4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7

8

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. C 09-4906 CW |
|       Plaintiff, | ORDER GRANTING PLAINTIFF'S |
|   v. | MOTION FOR APPOINTMENT OF |
| JORGE ALBERTO HUEZO and VILMA ARELY HUEZO, individually and dba LOS GALLITOS RESTAURANT, | RECEIVER OF LIQUOR LICENSE (Docket No. 26) |
|       Defendants. | |

_____/

9

10

11

12

13

14

15

16        Plaintiff J & J Sports Productions, Inc. moves for the

17   appointment of a receiver of Defendants' liquor license, bearing

18   number 457819, used by Defendants in the operation of their

19   business, Los Gallitos Restaurant, located at 3005 Willow Pass

20   Road, Suite C, Bay Point, California 94565.  Defendants, who have

21   notice of this motion (docket no. 27), have not filed an

22   opposition.  The matter was taken under submission and decided on

23   the papers.  Having considered all the papers filed by Plaintiff,

24   the Court grants the motion.

DISCUSSION

25

26        On July 2, 2010, a default judgment in the amount of $7,200

27   was entered in Plaintiff's favor against Defendants Jorge Albert

28   Huezo and Vilma Arely Huezo, individually and dba Los Gallitos

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Restaurant.  (Docket No. 19).  The judgment is final and no payment

2  has been made.  Cook Dec. ¶ 2.  The liquor license is an asset of

3  Defendants which has significant value.  In support of its motion,

4  Plaintiff cites Federal Rule of Civil Procedure 69(a) and

5  California Code of Civil Procedure §§ 708.610, 708.620 and 708.630.

6       Federal Rule of Civil Procedure 69(a) provides that a money

7  judgment obtained in federal court is enforced by a writ of

8  execution and the procedure on execution must generally accord with

9  the procedure of the state where the court is located, but federal

10 statutes govern to the extent they apply.  Under Federal Rule of

11 Civil Procedure 66, a receiver may be appointed by the court.

12 However, Rule 66 does not provide the specifics for appointing a

13 receiver to sell a liquor license in satisfaction of a money

14 judgment.  See Office Depot Inc. v. Zuccarini, 596 F.3d 696, 701

15 (9th Cir. 2010) (Rule 66 does not specify proper location for

16 appointment of a receiver; therefore, state law governs this

17 issue).  Because no federal statute applies to the appointment of a

18 receiver for the sale of a liquor license, Rule 69(a) dictates that

19 state law is followed in this instance.  See In re Levander, 180

20 F.3d 1114, 1121 (9th Cir. 1999) (Rule 69(a) allows judgment-

21 creditors to use state law to collect on their debts).

22      Under California law, § 708.610 of the California Code of

23 Civil Procedure provides that the provisions of Chapter 5,

24 commencing with Code of Civil Procedure § 564, governs the

25 appointment, qualifications, powers, rights and duties of a

26 receiver.  Wells Fargo Fin. Leasing, Inc. v. D & M Cabinets, et

27 al., 177 Cal. App. 4th 59, 70 (2009).  Section 564(3) provides that

28                                 2

United States District Court
For the Northern District of California

a receiver may be appointed by the court after judgment, to carry

the judgment into effect.  Section 568 provides that the receiver

has, under the control of the court, the power to take and keep

possession of the property, to make transfers, and generally to do

such acts respecting the property as the court may authorize.

Section 568.5 provides that a receiver may, pursuant to an order of

the court, sell real or personal property in the receiver's

possession, upon notice and in the manner prescribed by Article 6,

commencing with Code of Civil Procedure § 701.510.  The sale is not

final until confirmed by the court.  Id.  Section 701.810 provides

for the order of distribution of the proceeds of sale.

     California Code of Civil Procedure § 708.620 provides:

> The court may appoint a receiver to enforce the judgment
> where the judgment creditor shows that, considering the
> interest of both the judgment creditor and the judgment
> debtor, the appointment of a receiver is a reasonable
> method to obtain the fair and orderly satisfaction of the
> judgment.

     The legislative comment to § 708.620 indicates that, under

this section, a receiver may be appointed where a writ of execution

would not reach certain property and other remedies appear

inadequate.  California Code of Civil Procedure § 699.720 provides

that an alcoholic beverage license is not subject to levy of

execution.

     Section 708.630 of the California Code of Civil Procedure

provides:

> (a) The judgment debtor's interest in an alcoholic
> beverage license may be applied to the satisfaction of a
> money judgment only as provided in this section.

> (b) The Court may appoint a receiver for the purpose of
> transferring the judgment debtor's interest in an

3

1    alcoholic beverage license . . .

2    The legislative comment to § 708.630 indicates that, because

3    alcoholic beverage licenses are not subject to levy under a writ of

4    execution and because the Alcoholic Beverage Control Act,

5    California Business and Professions Code §§ 23000 <u>et seq.</u>, provides

6    detailed procedures for the sale of alcoholic beverage licenses,

7    use of a receiver is appropriate for the sale of such a license to

8    satisfy a money judgment.

9    Plaintiff indicates that it has contacted Defendants on

10   multiple occasions after the entry of judgment in an effort to

11   obtain payment of the judgment, but Defendants have ignored

12   Plaintiff's communications.  Plaintiff also indicates that it has

13   sent post-judgment discovery requests in an attempt to identify and

14   locate Defendants' assets with which to satisfy the judgment, but

15   Defendants have ignored these discovery demands and

16   interrogatories.  Plaintiff indicates that installing a "keeper" at

17   Defendants' place of business would be burdensome and expensive,

18   making it an onerous method of securing satisfaction of the

19   judgment.

20   For the following reasons, Plaintiff has shown good cause for

21   the appointment of a receiver.  Defendants have not appeared in

22   this case at all--they did not answer the complaint or oppose the

23   motion for a default judgment and they have not responded to

24   Plaintiff's request for payment or for discovery regarding other

25   assets that might satisfy Plaintiff's judgment.  Therefore,

26   Plaintiff has no recourse but to seek satisfaction of its judgment

27   from any of Defendants' assets that it can liquidate.  Plaintiff

28

                                        4

**United States District Court**
For the Northern District of California

1  indicates that the sale of Defendants' alcoholic beverage license

2  is the least burdensome procedure for obtaining satisfaction of its

3  judgment.  Defendants have not opposed Plaintiff's motion for the

4  sale of their liquor license, even though they have received notice

5  of it.  Under California law, which controls in this instance, the

6  appointment of a receiver is necessary for the sale of a liquor

7  license to satisfy a money judgment.  Therefore, the Court grants

8  Plaintiff's motion to appoint a receiver for the purpose of taking

9  possession of and selling Defendants' alcoholic beverage license.

10  Furthermore, as requested by Plaintiff, the Court orders the

11  following:

12      (A) the Court appoints Michael G. Kasolas as receiver, to

13  perform the duties and responsibilities listed below, and to be

14  compensated at the expense of Defendants, by a percentage to be

15  determined based upon the amount recovered from the sale of the

16  alcoholic beverage license.

17      (B) the receiver shall have the following duties and powers

18  under Federal Rule of Civil Procedure 66 and California Code of

19  Civil Procedure § 708.630:

20      1. to take possession and control of Defendants' alcoholic

21  beverage license, pursuant to the applicable state statutes and

22  regulations of the California Department of Alcoholic Beverage

23  Control.

24      2. to file with the California Department of Beverage Control

25  the surrender of the alcoholic beverage license under California

26  Administrative Code tit. 4, § 65.

27      3. to retain the services of a business opportunity broker who

28                              5

United States District Court
For the Northern District of California

1  will place the liquor license on the market for purposes of a

2  competitive sale, if the receiver deems that such a person is

3  necessary.

4       4. to retain the services of an attorney and an accountant, if

5  necessary, to assist in the sale of the liquor license.

6       5. to hold the proceeds of the sale in trust, pending further

7  order of the Court.

8       Furthermore, Defendants are prohibited from the sale, transfer

9  or other disposition of their alcoholic beverage license pending

10 action of the receiver and they are restrained from interfering

11 with the receiver's efforts to sell the license.

12                          CONCLUSIONS

13      For the foregoing reasons, the Court grants Plaintiff's motion

14 to appoint a receiver to sell Defendants' alcoholic beverage

15 license to satisfy the judgment awarded in this case.

16

17      IT IS SO ORDERED.

18

19 Dated: 3/25/2011

                                    CLAUDIA WILKEN
20                                  United States District Judge

21

22

23

24

25

26

27

28
                                    6